UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
         Plaintiff,

Case No. 1:07-cr-20034-DMM

v.

FERNANDO FALCON,
         Defendant.
_____/

MOTION TO SUPPRESS EVIDENCE

COMES NOW the defendant, FERNANDO FALCON, by and through undersigned counsel and moves this Court to suppress the evidence seized herein from the defendant's vehicle on October 23, 2006 and in support thereof says,

FACTS RELEVANT TO MOTION

On October 23, 2006, surveillance was being conducted by federal agents at the residence located at 4135 SW 62nd Court, Miami, FL, 33155. At approximately 7:10 pm, a Chevrolet Tahoe, registered to the defendant, arrived at the residence under surveillance. At approximately 8:26 pm, the defendant was observed exiting the residence. Agents observed the defendant place an unknown item in the front passenger side seat. The defendant drove away from the residence under surveillance.

Surveillance units followed the defendant to a residence located at 12958 SW 91st Place, Miami, FL., 33176. The defendant parked his vehicle in a parking space

1

designated for his mother's condo, his residence. The defendant exited the Chevrolet Tahoe and was walking away from the vehicle when he was approached by one (1) agent. The agent had his service weapon pointed at the head of the defendant. The agent ordered him to the ground face down with legs spread and hands to his back. On the agent's radio he called in "backup" within moments an FHP officer handcuffed the defendant behind his back and placed him in the back of his patrol car under arrest. The defendant's vehicle was searched without consent. The agents located and retrieved a white plastic bag containing a shoebox. The shoebox was opened and 4 bricks of suspected cocaine was found int the box. The 4 bricks of suspected cocaine weighted approximately 4.65 kilograms. A drug detecting canine was brought to the scene subsequent to the package being located in the Chevrolet Tahoe. The canine was not utilized in the automobile search, but rather in a later search of the residence. The search of the house did not produce any contraband.

## ISSUES

1. Whether the defendant was under arrest at the time he was handcuffed and placed on the ground outside his vehicle?

2. Whether there was probable cause to arrest the defendant after he had exited his vehicle and was walking away from the vehicle?

3. Whether the warrantless non-consensual search of the defendant's vehicle

was based upon probable cause?

## MEMORANDUM OF LAW

The defendant submits that the answer to each of the issues is a "negative". These issues are governed by the following legal principles.

In *United States v. Jackson,* 415 F.3d 88 (U.S.App.DC Cir 2005), the court opined the legal principles guiding courts in their determination as to whether a warrantless search is an exception to the Fourth Amendment's prohibition against searches not supported by a warrant.

> The Fourth Amendment provides, "The right of the people to be secure in their ... effects, against unreasonable searches and seizures, shall not be violated." In most instances, searches must be supported by a warrant obtainable upon a showing of probable cause. *See, e.g., California v. Carney*, 471 U.S. 386, 390-91, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985); *Mincey v. Arizona*, 437 U.S. 385, 390, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978). "It remains a cardinal principle that searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth

Amendment--subject only to a few specifically established and well-delineated exceptions." *California v. Acevedo*, 500 U.S. 565, 580, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991) (internal quotation marks omitted).

Probable cause is synonymous with "fair probability," *Gates*, 462 U.S. at 238, 103 S.Ct. 2317, and it is an objective standard requiring an analysis of the totality of the circumstances and the facts known to the officers at the time of the search, *Ornelas*, 517 U.S. at 695-96, 116 S.Ct. 1657; Gates, 462 U.S. at 230-31, 103 S.Ct. 2317; *cf. United States v. Arvizu*, 534 U.S. 266, 274, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). "Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis," *Whren v. United States*, 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), and the officers' "actual motives for conducting the search [are] not relevant as long as [their] actions were objectively reasonable." *United States v. (Rocky Lee) Brown*, 334 F.3d 1161, 1172 n. 8 (D.C.Cir.2003) (quoting *United States v. Christian*, 187

F.3d 663, 670 (D.C.Cir.1999)) (internal quotation marks omitted); see also *Devenpeck v. Alford,* --- U.S. ----, ---- -----, 125 S.Ct. 588, 593-94, 160 L.Ed.2d 537 (2004); *United States v. Holmes*, 385 F.3d 786, 790 (D.C.Cir.2004). The court has recognized that "the discovery of contraband in the passenger compartment of a car is a factor that strongly supports the lawfulness of a trunk search." *(Rocky Lee) Brown*, 334 F.3d at 1173. And so long as probable cause exists to search the trunk, police officers may also search any of the trunk's contents "that may conceal the object of the search." *United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); *see also Wyoming v. Houghton*, 526 U.S. 295, 300-02, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999).

415 F.3d at 91-92.

In *United States v. Hammock*, 860 F.2d 390 (11th Cir. 1998), the court discussed certain circumstances that indicate an arrest:

> In determining when appellant was arrested, we ask at what point, "in view of all of the circumstances

surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980) (Stewart & Rehnquist, JJ. concurring); *see also Florida v. Royer*, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983) (majority of Justices adopting Mendenhall reasonable person standard). In applying this standard, the courts have pointed to certain circumstances that indicate an arrest. These circumstances include the blocking of an individual's path or the impeding of his progress; the retention of a ticket or piece of identification; an officer's statement that the individual is the subject of an investigation, or that a truly innocent person would cooperate with the law enforcement officer; the display of weapons; the number of officers present and their demeanor; the length of the detention; and the extent to which the officers physically restrained the individual. *See, e.g., Mendenhall*, 446 U.S. at 554-55, 100 S.Ct. at 1877-78; *United States v. Berry*, 670 F.2d 583, 597 (5th Cir. Unit B

1982) (en banc).

860 F.2d at 393.

Also the courts have noted that the conduct of law enforcement can go beyond the perimeters of reasonable suspicion and effectively constitute an arrest:

> When actions by the police exceed the bounds of reasonable suspicion, the seizure becomes an arrest and must be justified by probable cause. *Florida v. Royer*, 460 U.S. 491, 502-03, 103 S.Ct. 1319, 1326-27, 75 L.Ed.2d 229 (1991) (plurality opinion). The Supreme Court has declined to establish a bright line rule to distinguish when a Terry stop becomes an arrest, leaving courts to decide the issue on a case by case basis. *See, United States v. Sharpe*, 470 U.S. 675, 685, 105 S.Ct. 1568, 1575, 84 L.Ed.2d 605 (1985). Factors to be considered include the restraints placed on a person's liberty or freedom of movement, the length of the detention, use of weapons or bodily force. *See, Royer, supra*; and *United States v. Seelye*, 815 F.2d 48 (8th Cir.1987) (listing factors). After making any warrantless arrest, the police must promptly secure a judicial determination of probable cause. *Gerstein v. Pugh*, 420

U.S. 103, 113-14, 95 S.Ct. 854, 862- 63, 43 L.Ed.2d 54

(1975), *see, County of Riverside v. McLaughlin,* 500 U.S.

44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991).

*United States v. Wall*, 807 F. Supp. 1271, 1275 (ED Mich. 1992),

The defendant contends that the actions of the agent in approaching him with his weapon drawn, ordering him to the ground, handcuffing him in the back and placing him inside a police vehicle constituted an arrest. Further, the defendant alleges that the objective facts of a) his arrival at a residence under surveillance, b) remaining in that residence for approximately one hour and 16 minutes, and c) exiting that residence with an unknown package in his hand did not rise to the level of probable cause to allow a legal search of the defendant's vehicle. The defendant submits that these factors would not have been sufficient to secure a search warrant from a magistrate, much less constitute grounds to justify a warrantless search.

The defendant also contends that the facts herein do not establish circumstances that qualify as an exception to the Fourth Amendment prohibition against warrantless searches. It is the burden of the government to prove an exception to the warrant requirement. *United States v. McGough*, 412 F.3d 1232 (11th Cir. 2005). *Citing United States v. Holloway*, 290 F.3d 1331, 1334 (11th Cir.2002) and *United States v. Jeffers*, 72 S.Ct. 93 (1951). The facts as observed by the agents did not indicate any

8

danger to the agents nor indicate that contraband was at risk of being destroyed nor indicate any other "exigent" circumstances which would justify a warrantless search of the defendant's vehicle.

>Respectfully submitted,
>**LAW OFFICES OF STEPHEN H. ROSEN, P.A.**
>1221 Brickell Avenue, Suite 1020
>Miami, Florida 33131
>Ph: (305) 358-6789
>
>
>s/Stephen H. Rosen
>STEPHEN H. ROSEN
>Counsel for Defendant
>Florida Bar No. 154144
>E-MAIL: ATTNYROSEN@AOL.COM

 CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 28, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

>s/Stephen H. Rosen
>STEPHEN H. ROSEN