UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20034-CR-DMM

UNITED STATES OF AMERICA,

v.

FERNANDO FALCON,

    Defendant.
_____/

UNITED STATES' RESPONSE IN OPPOSITION TO THE DEFENDANT'S
MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (DE:103)

The UNITED STATES OF AMERICA, by and through the undersigned Assistant United States Attorney, hereby files its response in opposition to Fernando Falcon's (hereinafter, "Defendant") motion for early termination of supervised release (hereinafter "Defendant's Motion") pursuant to 18 U.S.C. § 3583(e)(1). In support thereof, the United States submits the following:

INTRODUCTION

On January 30, 2007, a federal grand jury, sitting in the Southern District of Florida, returned a two-count Superseding Indictment charging the Defendant, among others, with: (1) conspiracy to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1); (2) possession with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (DE:16).

On April 19, 2007, Defendant pled guilty to Counts One of a two-count Superseding Indictment. (PSI ¶ 1). On July 10, 2007, Defendant was sentenced to 121 months' imprisonment followed by five years of supervised release. (DE:53).

Defendant was released on July 2, 2015

On February 14, 2018, Defendant filed a motion seeking that the Court order early termination of the Defendant's supervised release. (DE:103). The United States opposes Defendant's motion because Defendant has failed to provide an adequate basis for termination. The United States submits that it is in the interest of justice that the Defendant remains on supervised release. Accordingly, the United States requests that this honorable Court deny Defendant's motion. (DE:103).

## **DISCUSSION**

Pursuant to 18 U.S.C. § 3583(e)(1), the court may terminate a term of supervised release and discharge the defendant at any time after the expiration of one year only after considering the factors set forth in §3553(a).

The Supreme Court has explained that the purpose of supervised release "is to improve the odds of a successful transition from the prison to liberty." *United States v. McClamma*, 548 F. App'x 598, 599 (11th Cir. 2013) *citing Johnson v. United States*, 529 U.S. 694, 708–09 (2000). By requiring courts to consider the § 3553(a) factors, Congress has indicated that the history and characteristics of the defendant, the nature of the offense, deterrence, public protection, training and education, the applicable guideline range for the offense, and avoidance of an unwarranted sentence disparity with similarly situated defendants are all relevant to the determination whether to modify a term of supervised release. *Id*. *See* 18 U.S.C. § 3583(e)(1).

In the case at bar, Defendant has not demonstrated that the § 3553(a) factors in any way warrant termination of Defendant's supervised release. In furtherance of Defendant's position, Defendant advises that he has been employed since his release and that he is gainfully employed as a videographer for Legal Eyes 20/20. (DE:103). Furthermore, Defendant notes that he has volunteered over 100 hours from December 2016 through December 2017 at Gould's Park. (DE: 103). Yet, Defendant fails to provide why supervised release cannot remain in effect while he continues as a videographer and while he continues to volunteer his time.

The Government submits that dilution of the Defendant's sentence would not meet the need to provide Defendant with a successful transition to the community, the need for deterrence, the need for public protection, correctional treatment and uniformity of sentences among defendants committing the same types of crimes.

Finally, Defendant maintains that he has completed the goals of supervision and that he has not committed any violations of supervised release. However, early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it. *United States v. Laine*, 404 F. App'x 571, 572 (3d Cir. 2010) *citing United States v. Lussier*, 104 F.3d at 36. In this case, there is nothing exceptional or unusual about Defendant having been compliant with the terms of his supervised release; and therefore, his motion for early termination of supervised release should be denied.

**WHEREFORE**, the United States respectfully requests that this honorable Court deny the Defendant's motion for relief under 18 U.S.C. § 3583(e)(1). (DE:103).

Respectfully submitted,

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

By: /s/ Cristina V. Maxwell

CRISTINA V. MAXWELL
Assistant United States Attorney
Florida Bar No. 029361
11200 NW 20th Street, Suite 101
Miami, Florida 33172
Telephone: (305) 715-7641
Fax: (305) 715-7639
cristina.maxwell@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 28, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ Cristina V. Maxwell

Cristina V. Maxwell
Assistant United States Attorney