## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 07-20034-CR-DMM

**UNITED STATES OF AMERICA,**

**v.**

**FERNANDO FALCON,**

    **Defendant.**

_____/

### UNITED STATES' RESPONSE IN OPPOSITION TO
### THE DEFENDANT'S SECOND MOTION FOR EARLY TERMINATION OF
### SUPERVISED RELEASE (DE:107)

The UNITED STATES OF AMERICA, by and through the undersigned Assistant United States Attorney, hereby files its response in opposition to Fernando Falcon's (hereinafter, "Defendant") motion for early termination of supervised release (hereinafter "Defendant's Motion") pursuant to 18 U.S.C. § 3583(e)(1). In support thereof, the United States submits the following:

### INTRODUCTION

On January 30, 2007, a federal grand jury, sitting in the Southern District of Florida, returned a two-count Superseding Indictment charging the Defendant, among others, with: (1) conspiracy to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1); (2) possession with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (DE:16).

On April 19, 2007, Defendant pled guilty to Counts One of a two-count Superseding Indictment. (PSI ¶ 1). On July 10, 2007, Defendant was sentenced to 121 months' imprisonment followed by five years of supervised release. (DE:53).

Defendant was released on July 2, 2015

On February 14, 2018, Defendant filed a previous motion seeking that the Court order early termination of the Defendant's supervised release. (DE:103). The United States opposed Defendant's motion because Defendant had failed to provide an adequate basis for termination. (DE:105) On March 9, 2018, the Court denied Defendant's Motion. (DE:106).

The United States resubmits that it is in the interest of justice that the Defendant remains on supervised release. Accordingly, the United States requests that this honorable Court deny Defendant's motion. (DE:107).

## DISCUSSION

Pursuant to 18 U.S.C. § 3583(e)(1), the court may terminate a term of supervised release and discharge the defendant at any time after the expiration of one year only after considering the factors set forth in §3553(a).

In the case at bar, Defendant has not demonstrated that the § 3553(a) factors in any way warrant termination of Defendant's supervised release. In furtherance of Defendant's position, Defendant advises that he is employed full-time, submits to searches by USPO (without a warrant), and provides financial disclosures to USPO. (DE:107). Furthermore, Defendant notes that he volunteers, has a clean slate, and demonstrates a different character than what he was prior to this case. (DE: 107). Yet, Defendant fails to provide why supervised release cannot remain in effect while he continues working, volunteering and maintaining his newly demonstrated character.

2

The Government submits that dilution of the Defendant's sentence would not meet the need for uniformity of sentences among defendants committing the same types of crimes. Additionally, the Government has spoken to Defendant's probation officer, who is also opposed to this Motion, noting that Defendant has a significant criminal history, and Defendant has prior child support payments that he has yet to pay.

Finally, early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it. *United States v. Laine*, 404 F. App'x 571, 572 (3d Cir. 2010) *citing United States v. Lussier*, 104 F.3d at 36.   In this case, there is nothing exceptional or unusual about Defendant having been compliant with the terms of his supervised release; and therefore, his motion for early termination of supervised release should be denied.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

**WHEREFORE**, the United States respectfully requests that this honorable Court deny the

Defendant's motion for relief under 18 U.S.C. § 3583(e)(1). (DE:107).

Respectfully submitted,

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

By:      /s/ Cristina V. Maxwell

CRISTINA V. MAXWELL
Assistant United States Attorney
Florida Bar No. 029361
11200 NW 20th Street, Suite 101
Miami, Florida 33172
Telephone: (305) 715-7641
Fax: (305) 715-7639
cristina.maxwell@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 20, 2019, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF.

/s/ Cristina V. Maxwell

Cristina V. Maxwell
Assistant United States Attorney

4